No. 899

METTLING et v. WHITE et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8518. Decided Oct. 31, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

855. NUISANCE—797. Municipal Corporations—1. Village has authority to abate pools of stagnant water as nuisances.

2. Court of Appeals not disposed to question good faith or right of municipality, where object has been declared nuisance and necessary abatement legislation passed.

Appeal from Common Pleas.

Decree for defendant.

Quigley & Byrnes, Cleveland, for Mettling, et.

I. R. Winsper, Cleveland, for White et.

STATEMENT OF FACTS.

The defendants are owners of various lots in Rocky River Village, on the west side of Rocky River near its mouth. The plaintiffs are the owners of certain lots that have certain lagoons which were artificially constructed in the beginning for the purpose of furnishing boating facilities and the defendants likewise owned certain lots that were located on these lagoons and the only entrance to lots of defendant was a narrow bridge which crossed the lagoon. Under direction and by authority of the Council of the Village of Rocky River, the defendants, the plaintiffs and others owning land on the lagoons, were ordered to fill up or drain them.

The lowering of the lake level had so reduced the water supply that theretofore naturally ran into the lagoons, that the water became stagnant and contained only brackish water and no fresh water flowed into the lagoons. The purpose for which the lagoons were constructed was no longer effective; and, in pursuance of the passage of ordinances authorizing and directing the lot owners to fill

or drain these lagoons, the defendants proceeded to fill the lagoons over which they had control or which abutted upon their property, and the plaintiffs brought this action to enjoin them and asked for a mandatory injunction compelling them to remove that which they had already put in.

In the court below a judgment was rendered against the plaintiffs in favor of defendants and the petition of the plaintiffs was dismissed and the injunction which theretofore had been granted was dissolved.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

VICKERY, J.

After having reviewed the evidence, and the arguments of counsel and examined the authorities, we are of the opinion that the plaintiff is not entitled to relief prayed for in the petition; that the Village of Rocky River was acting within the scope of its authority and probably carrying out its duty to abate these water holes as nuisances, if they had become such, and we do not feel disposed to question the good faith or the right of the municipality where it has declared it a nuisance and passed the necessary legislation to abate such nuisance.

We, therefore, think that the plaintiff's petition must be dismissed and whatever restraining order was allowed in this court will be dissolved at the costs of the plaintiff, and a journal entry may be prepared embodying these views.

(Sullivan, PJ. and Levine, J., concur.)